**NOT FOR PUBLICATION**

FILED

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50287 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00766-CAB-1 |
| v. | |
| JOSE SOTO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 10, 2019**
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,*** District Judge.

Defendant Jose Soto appeals from his conviction for importing

methamphetamine. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

1. Soto first argues that the district court erred by allowing a Homeland Security Investigations agent to testify outside the scope of his noticed expert testimony, in violation of Federal Rule of Criminal Procedure 16(a)(1)(G); the agent testified to his opinion that drug smugglers often use coded language to communicate. We review a district court's decision to allow expert testimony for abuse of discretion. *United States v. Basinger*, 60 F.3d 1400, 1407 (9th Cir. 1995). The district court did not abuse its discretion because, even if the testimony offered could be considered outside the scope of the notice, the witness was manifestly qualified to offer that opinion as an expert. Even assuming an abuse of discretion, the verdict would not have been different had the government more precisely followed Rule 16(a)(1)(G). *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) (requiring prejudice for reversal).

2. Soto next argues that the government improperly vouched for the evidence and violated the golden rule in its initial closing argument by (1) asking the jury to rely on the prosecutor's own knowledge of how an innocent person would behave during the search of Soto's vehicle and (2) asking the jury to step into the shoes of Soto during the search. *See United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir. 1999) (improper vouching); *Fields v. Woodford*, 309 F.3d 1095, 1109 (9th Cir.), *amended*, 315 F.3d 1062 (9th Cir. 2002) (golden rule). Soto did not object at the time, so these statements are reviewed only for plain error.

17-50287

*United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004). The prosecutor's two brief statements did not, when "viewed in the context of the entire trial, . . . seriously affect[] the fairness, integrity, or public reputation of judicial proceedings, or . . . result in a miscarriage of justice." *Id.* (internal quotation marks omitted).

3. Soto argues that the district court erred during rebuttal closing argument by overruling an objection after the government twice characterized the evidence as "overwhelming." Soto objected on the ground that the government's statements were improper vouching. Although that argument is improper, reversal is not called for if Soto suffered no prejudice. *United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001). In light of the ample evidence of guilt, the governments' two statements did not materially affect the verdict and thus was harmless error.

4. Finally, Soto argues that the cumulative errors in his trial require reversal. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). After consideration of each alleged instance of error proffered by Soto, we find no cumulative error meriting reversal.

**AFFIRMED**.

17-50287